UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


LEROY FERGUSON,

      Plaintiff,

v.                                    Case No. 8:11-cv-1296-T-23EAJ

WALTER McNEIL, et al.,

      Defendants.

_____/


**O R D E R**

    Ferguson's civil rights complaint alleges that the defendants violated his rights

when they imposed disciplinary punishment, including the loss of gain-time credit.

Although entitled to a lenient construction, Haines v. Kerner, 404 U.S. 519 (1972) (per

curiam), the complaint lacks merit.

    The Prisoner Litigation Reform Act requires dismissal of an in forma pauperis

prisoner's action "if the allegation of poverty is untrue" or if the action "is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

    The civil rights complaint is subject to sua sponte dismissal before service on the

defendants because Ferguson in effect challenges the length of his confinement due to

the loss of gain-time credit. When a state prisoner challenges the fact or duration of his

confinement, a writ of habeas corpus is his exclusive federal remedy. Preiser v.

Rodriquez, 411 U.S. 475, 500 (1973).  This long-standing principle was affirmed in Heck

v. Humphrey, 512 U.S. 477, 486-87 (1994).

> We hold that, in order to recover damages for [an] allegedly
> unconstitutional conviction or imprisonment, or for other harm caused by
> actions whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has been
> reversed on direct appeal, expunged by executive order, declared invalid
> by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.  A claim for damages bearing that relationship to a
> conviction or sentence that has not been so invalidated is not cognizable
> under § 1983.  Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction or sentence;
> if it would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been invalidated.

Heck requires dismissal of the civil rights complaint if a ruling in the plaintiff's favor

questions the duration of confinement.  Ferguson has no Section 1983 claim until he

prevails on habeas corpus.  "[A] § 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the conviction or sentence

has been invalidated."  Heck v. Humphrey, 512 U.S. at 489-90.

Consequently, Ferguson fails to state a claim for relief because the complaint

fails to allege that the disciplinary proceeding was "reversed on direct appeal, expunged

by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas

corpus . . . ."  Heck v. Humphrey, 512 U.S. at 487.  This dismissal is without prejudice to

Ferguson's re-filing a Section 1983 complaint after the disciplinary proceeding is

invalidated.

Accordingly, this case is **DISMISSED** without prejudice for failing to state a claim on which relief can be granted.  The clerk shall enter a judgment against Ferguson and close this case.

ORDERED in Tampa, Florida, on July 15, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE